# In the United States District Court
# For the Eastern District of Wisconsin
# Milwaukee Division

NAZIR AL-MUJAAHID            )
                             )
    Plaintiff          )    Civil Action File No.
                             )
v.                           )    _____
                             )
TIMOTHY BANTZ,               )
JON PARKER,                  )
LEVERNON LAWSON,             )
and,                         )
GREGORY NELSON,              )
    Defendants         )

## Complaint

1. This is a civil rights action under 42 U.S.C. 1983 as well as an action for violations of state laws arising under the same transaction.

### II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §1343.

3. This Court has jurisdiction under the related state law claims under 28 U.S.C. § 1367.

4. Venue is proper because Defendants are located in this District and in this Division, and Plaintiffs reside in this District and in this Division.

## III. PARTIES

5. Plaintiff is a natural person who is a citizen of the United States and a resident of the State of Wisconsin.

6. Defendants are police officers with the City of Milwaukee Police Department.

## IV. FACTUAL BACKGROUND

7. On or about March 21, 2011, Plaintiff was driving a rental car in the City of Milwaukee.

8. At approximately 11:40 a.m., Defendants Parker and Brandt, who were on duty as Milwaukee Police Officers, initiated a detention of Plaintiff by activating their emergency lights.

9. Parker pointed his shotgun at Plaintiff's head and chest, with his finger on the trigger.

10. Bantz pointed his handgun at Plaintiff.

11. Both officers yelled and swore at Plaintiff, threatening to kill Plaintiff.

12. Both officers searched Plaintiff's person.

13. Bantz searched Plaintiff roughly, injuring Plaintiff's limbs and testicles.

14. Bantz handcuffed Plaintiff and put Plaintiff in the back of a squad car.

15. Plaintiff asked to be allowed to call his attorney, but both officers Bantz and Parker refused.

16. Both officers searched Plaintiff's car while Plaintiff was handcuffed in the back of the squad car.

17. During the search, Defendants Lawson and Nelson joined the other Defendants, so that all Defendants searched Plaintiff's car.

18. Defendants did not have probable cause to believe that Plaintiff had committed, was committing, or was about to commit a crime.

19. Defendants did not have articulable suspicion to detain Plaintiff.

20. Defendants did not have probable cause to believe Plaintiff was armed and dangerous.

21. Defendants did not have probable cause to believe Plaintiff's car contained contraband or evidence of a crime.

22. Defendants had no warrant and no exception to the warrant requirement to detain or search Plaintiff or Plaintiff's car.

23. On July 19, 2011, Plaintiff served a notice of the circumstances giving irise to a claim on each Defendant pursuant to Wis.Stats. § 893.80.

24. None of the Defendants responded to the notices of claim.

25. By operation of law, the notices of claim were deemed denied 120 days after service of the notices.

## Count 1 – 14th Amendment Violations

26. By detaining Plaintiff without reasonable articulable suspicion, Defendants Bantz and Parker seized Plaintiff's person in violation of his right to be free from unreasonable seizures.

27. By searching Plaintiff's person without probable cause to believe he was armed and dangerous, Defendants Bantz and Parker violated Plaintiff's right to be free from unreasonable searches.

28. By pointing their firearms at Plaintiff, swearing at him, yelling at him, threatening to kill him, and roughly searching Plaintiff, Defendants Bantz and Parker used excessive force against Plaintiff.

29. By searching Plaintiff's car without a warrant and without probable cause to believe Plaintiff had committed, was committing, or was about to commit a crime, and without probable cause to believe Plaintiff's car contained contraband, all Defendants violated Plaintiff's right to be free from unreasonable searches.

## Count 2 – Wisconsin State Law Claims

30. By restraining Plaintiff's liberty without lawful authority, Defendants Parker and Bantz falsely imprisoned Plaintiff.

31. By pointing firearms at Plaintiff and threatening to shoot him and by searching his person, Defendants Parker and Bantz assaulted and battered Plaintiff.

32. By searching Plaintiff's car without his consent, all Defendants committed a trespass of Plaintiff's car.

## Prayer for Relief

Plaintiff demands the following relief:

33. Damages in an amount to be determined at trial.

34. Reasonable costs and attorney's fees.

35. A jury to try this case.

36. Any other relief the Court deems proper.

/s/ John R. Monroe
John R. Monroe
Attorney for Plaintiff
9640 Coleman Road
Roswell, GA 30075
678 362 7650
John.monroe1@earthlink.net